| IN RE POLYESTER STAPLE | ) | |
|---|---|---|
| ANTITRUST LITIGATION | ) | MDL DOCKET NO: 3:03CV1516 |
| _____) | | ALL CASES |
| This Order also relates to: | ) | |
| 3:03CV283 | ) | |
| _____) | | |

**THIS MATTER** comes before the Court on CMI Industries, Inc.'s ("CMI")[1] Motion To Compel, filed June 6, 2005. (Document #14) Arteva Specialties S.a.r.l. d/b/a KoSa, now named INVISTA S.a.r.l. and Arteva Services, S.a.r.l. ("Arteva") filed its response on June 22, 2005. (Document #15) The undersigned heard briefly from counsel for both parties during the June 23, 2005 Status Conference. This matter is now ripe for disposition.

After more than six (6) months of negotiations concerning a total of nine (9) interrogatories, CMI filed the instant motion seeking an order compelling Arteva to respond more fully to certain interrogatories identified by CMI as Nos. 2-4, 8, and 9. According to CMI, it seeks to discover the chronology of Arteva's alleged anti-competitive meetings, the relevant phone numbers that can be identified by Arteva, the facts that led Arteva to enter a guilty plea in the criminal prosecution against it (*United States v. Arteva Specialties, S.a.r.l., d/b/a KoSa / 3:03CR229-V (WDNC)*), and the facts that Koch Industries, Inc. ("Koch"), the sole shareholder of Arteva, relied upon in commencing litigation against the Hoechst Defendants.[2] (CMI's Mem. In Supp., at 1-5; 6/23/15 Hr'g Tr., at 83-87.)

_____

[1] "CMI" stands for Clinton Mills.

[2] "Hoechst Defendants" refers to the following entities named as defendants by CMI: Hoechst Celanese Corporation (or "Hoechst Celanese") and Hoechst *Aktiengesellshaft* (or

Arteva seeks to limit its interrogatory responses to conspiratorial conduct related solely to CMI as opposed to any industry-wide conspiracy. For example, Arteva objects to CMI's inquiry regarding any other polyester staple fiber ("PSF") purchasers. Arteva contends that there is no evidence of an industry-wide conspiracy but rather several discrete bilateral conspiracies with respect only to certain PSF purchasers.[3] Arteva also contends that these topics could be more efficiently explored by way of CMI's deposition of Troy Stanley. Finally, Arteva objects to CMI's request that it produce information referred to in *Koch Industries, Inc. v. Hoechst Aktiengesellshaft* in the Southern District of New York (No.: 03CV8679).[4]

The undersigned has reviewed each of the interrogatories CMI submitted to Arteva as well as Arteva's original and supplemental responses. Arteva's responses are incomplete. First, the Court will not address Arteva's objections based upon public availability of information, Arteva's predilection for depositions as opposed to other forms of discovery, or the like.[5] Each interrogatory at issue is addressed briefly below.

**CMI's Interrogatories #2 and #9:** Arteva must respond fully and not limit its responses to information that relates solely to CMI. Instead, proper evaluation of a

---

"Hoechst AG").

[3] The Court need not attempt to resolve the parties' dispute regarding the nature and number of alleged conspiracies in order to dispose of CMI's motion to compel.

[4] For purposes of this Order, the Court uses Koch, Arteva and KoSa interchangeably.

[5] These are the same types of objections advanced by Arteva in connection with Avondale's Motion To Compel Requests For Admission and Arteva's related Motion For Protective Order. *See* 3:03CV1516 / Documents #284, #294 and #303; 3:03CV296 / Document #36; and Order filed September 7, 2005 disposing of these motions.

horizontal price fixing conspiracy requires the fact-finder to consider evidence of the whole

conspiracy as opposed to evidence relating to one or more individual entities:

> In cases such as this, plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each.
>
> ***
>
> [T]he character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.

Phillips v. Crown Central Petroleum Corp., 602 F.2d 616, 625 (4th Cir.1979)(*quoting*

Continental Ore Co. v. Union Carbide, 370 U.S. 690, 699, 82 S.Ct. 1404 (1962)).

**CMI's Interrogatories #3 and #4:** Arteva must respond fully and with as much

detail as possible. CMI is entitled to discover as much as Arteva already knows or can

discover itself about the chronology of alleged anti-competitive events during the relevant

time period, as well as a complete inventory of relevant phone numbers. (The relevant

time period for purposes of CMI's action, namely, from 1995 through 2001, is different than

the time period the U.S. Department of Justice and / or Direct Purchaser Class has agreed

to.)

**CMI's Interrogatory #8:** In December 1998, Arteva, via Koch Industries, acquired

Hoechst Celanese's polyester staple fiber business.[6] The allegations in the action

commenced by Koch in the Southern District of New York involves conduct by Hoechst

entities prior to Koch's purchase of Hoescht's PSF business. According to CMI, Arteva

complains essentially that Hoechst sold it a conspiracy. (6/23/05 Hr'g Tr. at 85.)

---

[6] For convenience, the Court will refer to this transaction as the "1998 Koch / Hoechst Transaction".

As the parties are aware, the action initiated by Koch against Hoechst was identified as a potential tag-along action in this litigation, MDL 3:03CV1516. On February 11, 2004, a Conditional Transfer Order ("CTO") was issued and timely opposed by some of the Defendants in this action. After oral argument on the question of transfer, the Judicial Panel on Multidistrict Litigation ("Panel") found that transfer pursuant to 28 U.S.C. §1407 was not appropriate. On June 16, 2004, the CTO was vacated.[7] However, the Panel's decision regarding §1407 transfer is not determinative regarding the relationship of the two (2) actions.

A review of the Complaint within *Koch Industries, Inc. v. Hoechst Aktiengesellshaft* reveals that the cases are, in fact, related in that Arteva alleges that Hoechst was engaged in a "four-customer price fixing and customer allocation conspiracy" with its PSF competitors prior to the 1998 Koch / Hoechst Transaction. (Koch's Compl., at ¶¶3, 22,27-28,35,129) Koch further alleges that, unbeknownst to it, the alleged illegal conduct continued after the purchase of the Hoechst PSF entities, subjecting the Koch and Arteva entities to multiple federal and state lawsuits including the instant litigation. (Id., at ¶4, )

The scope and limits of discovery are governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 provides in part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter relevant to the subject matter

---

[7] Presumably, the Panel's decision regarding transfer took into consideration the nature of Arteva's claims, which lay in contract and tort law. The Panel may have also considered Arteva's allegation that Hoechst's alleged illegal conduct occurred prior to 1998 and prior to 1999 - the time period that the U.S. Department of Justice alleges the PSF conspiracy existed.

involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). For purposes of discovery, CMI need only demonstrate that the information sought is relevant and "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). At this stage, CMI is not required to establish admissibility of the information sought.

CMI alleges in its Amended Complaint that the price fixing and customer allocation conspiracy within the PSF industry began "no later than 1995 and continued unabated at least through 2001." (CMI's Am. Compl., at ¶1) CMI further alleges that it purchased PSF directly from Defendants Hoechst and KoSa. (Id., at ¶11) Consequently, CMI seeks information that pertains to any alleged anti-competitive activity prior to the 1998 Koch / Hoechst Transaction as well as conduct following the sale of Hoechst's PSF business.

The Court first recognizes that Koch's Complaint is thorough and detailed. Koch explains that much of its allegations are based upon information obtained from former Hoechst / Koch employee, Troy Stanley. The Court also recognizes that discovery is ongoing in the SDNY.[8] In any event, to the extent Arteva possesses specific knowledge about any alleged illegal conduct on behalf of the Hoechst Defendants, Arteva must disclose what it knows to CMI as the information may be probative to the existence of the alleged conspiracy and Hoechst's participation in the same. Arteva will also be expected to supplement its responses consistent with the federal rules.

---

[8] In the SDNY action, Arteva may be seeking to confirm the facts alleged within its Complaint - essentially the information CMI is requesting. CMI can attempt to obtain the same information from Hoechst, who is probably even less willing to respond than Arteva.

**IT IS, THEREFORE, ORDERED** that CMI's Motion To Compel is hereby **GRANTED**. Defendant Arteva shall comply with the terms of this Order and respond fully to CMI's Interrogatories identified herein, namely, ##2-4, #8 and #9, **within ten (10) days** of the filing of this Order.

**Signed: September 7, 2005**

Richard L. Voorhees
United States District Judge